


**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JESSE AGNEW,

    Petitioner,

v.

    Civil No. 04-72038-DT
    HONORABLE GEORGE CARAM STEEH
    UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Jesse Agnew, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; M.S.A. 28.548; assault with intent to murder, M.C.L.A. 750.83; M.S.A. 28.278; and felony-firearm, M.C.L.A. 750.227b; M.S.A. 28.424(2). Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offenses on March 31, 1993, following a jury trial in the Detroit Recorder's Court. On April 15, 1993, petitioner was

sentenced to life imprisonment on the first-degree murder conviction, twenty to fifty years on the assault with intent to murder conviction, and two years on the felony-firearm conviction.

On May 27, 1993, petitioner filed a motion for a new trial with the trial court through his appointed trial counsel, which was not immediately ruled upon. On July 12, 1993, the State Appellate Defender's Office was appointed to represent petitioner on his direct appeal. The Michigan Court of Appeals subsequently affirmed petitioner's conviction. *People v. Agnew,* 166587 (Mich.Ct.App. December 6, 1996). The Michigan Supreme Court denied petitioner leave to appeal on December 30, 1997. *People v. Agnew,* 456 Mich. 910; 572 N.W. 2d 658 (1997). The Michigan Supreme Court denied petitioner's motion for reconsideration on February 27, 1998. *People v. Agnew,* 456 Mich. 910; 575 N.W. 2d 556 (1998).

On February 24, 1999, petitioner filed a motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.* The trial court denied the motion on August 3,1999. *People v. Agnew,* 92-10859-02 (Wayne County Circuit Court, August 3, 1999).[1] Petitioner did not appeal this decision to the Michigan appellate courts. On October 18, 1999, the trial court finally denied the motion for a new trial which petitioner's trial counsel had filed in 1993. *People v. Agnew,* 92-10859-02 (Wayne County Circuit Court, October 18, 1999).

---

[1] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

On August 6, 1999, petitioner signed and dated his first petition for writ of habeas corpus with the federal district court. The petition was dismissed without prejudice on January 24, 2000, so that petitioner could exhaust his state court remedies. *Agnew v. Stegall*, 99-CV-74196-DT (E.D. Mich. January 24, 2000)(Tarnow, J.).

On October 16, 2000, petitioner filed a second motion for relief from judgment with the trial court, which was denied on April 12, 2001. *People v. Agnew*, 92-10859-02 (Wayne County Circuit Court, April 12, 2001). The Michigan Court of Appeals dismissed petitioner's application for leave to appeal on jurisdictional grounds, finding that petitioner's second motion for relief from judgment was barred pursuant to M.C.R. 6.502(G)(1). *People v. Agnew*, 241824 (Mich.Ct.App. July 10, 2002). On April 29, 2003, the Michigan Supreme Court denied petitioner leave to appeal. *People v. Agnew*, 468 Mich. 892; 661 N.W. 2d 238 (2003). The Michigan Supreme Court denied petitioner's motion for reconsideration on August 29, 2003. *People v. Agnew*, 468 Mich. 892; 668 N.W. 2d 907 (2003). The instant petition was signed and dated May 28, 2004. [2]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 28, 2004, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. See *Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been

4

filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The primary issue for this Court is to determine when petitioner's state court judgment became final pursuant to 28 U.S.C. § 2244(d(1)(A), for purposes of commencing the one year limitations period. Petitioner appears to argue that his direct appeal did not expire until one year or twelve months after the trial court denied his motion for a new trial on October 18, 1999, because he had twelve months, under M.C.R. 7.205(F)(3), to file a delayed application for leave to appeal with the Michigan Court of Appeals.

The problem with petitioner's argument is that by the time that the state trial court had ruled on his motion for a new trial, the Michigan Court of Appeals had already affirmed his appeal on direct review and the Michigan Supreme Court had denied petitioner's application for leave to appeal from that decision. Under M.C.R. 7.205(F)(2), a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction. *See People v. Jackson,* 465 Mich. 390, 396; 633 N.W. 2d 825 (2001).

As used in the AEDPA's statute of limitations period, the term "final", for commencing the limitations period, "means a decision from which no appeal or writ of error can be taken." *United States v. Burch,* 202 F. 3d 1274, 1277 (10th Cir. 2002)(citing BLACK'S LAW DICTIONARY 629 (6th ed.1990)); *See also Crawley v. Catoe,* 257 F. 3d 395, 400 (4th Cir. 2001)( the limitations period "begins to run when

the conviction is final under § 2244(d)(1)(A) only when the availability of a direct appeal has been exhausted"); *McAfee v. Angelone,* 87 F. Supp. 2d 605, 606 (W.D. Va. 2000)(same). Because petitioner had already filed one appeal of right, he was prevented, under M.C.R. 7.205(F)(2), from seeking leave to appeal from the denial of his motion for a new trial. However, because petitioner's motion for a new trial was filed during the pendency of his direct appeal, this Court concludes that his conviction would not become final, for purposes of commencing the limitations period, until the trial court actually denied his motion on October 18, 1999. Because petitioner did not have any available appellate remedy from the denial of this motion, however, he would not be entitled to any further delay in the commencement of the limitations period pursuant to § 2244(d)(1)(A) once the motion had been denied.

With respect to petitioner's related claim that the Michigan Court of Appeals lacked jurisdiction over his appeal of right because of this unresolved motion, thus rendering his appeal of right null and void, this argument is without merit. In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of commencing the one year limitations period, a federal habeas court must defer to the underlying state court characterization of the procedure. *Redmond v. Jackson,* 295 F. Supp. 2d at 771. Upon the filing of a claim of appeal in a criminal case, jurisdiction is vested in the Michigan Court of Appeals. *See e.g. People v. Williams,* 163 Mich. App. 744, 755; 415 N.W. 2d 301 (1987). This Court notes that appellate counsel was appointed to represent petitioner on July

6

12, 1993. Under M.C.R. 6.425 (F)((3), an order by a state trial court appointing appellate counsel also acts as a claim of appeal. See People v. Miles, 454 Mich. 90, 93, n. 4; 559 N.W. 2d 299 (1997). Although M.C.R. 7.208(B) permits a trial court to entertain certain postjudgment motions after a claim of appeal has been filed, this court rule merely provides a trial court with concurrent jurisdiction with the Michigan Court of Appeals. See Offer v. Amayo, 1998 WL 1991112, * 1. n. 1 (Mich.Ct.App. July 14, 1998). In fact, the staff comments to M.C.R. 7.208(B) state that this court rule created a new procedure for criminal defendants to file postjudgment motions in the trial court "[n]otwithstanding the fact that the Court of Appeals has jurisdiction of the case because the order appointing appellate counsel serves as the claim of appeal." See People v. Hernandez, 443 Mich. 1, 19, n. 29; 503 N.W. 2d 629 (1993). The Michigan Court of Appeals therefore had jurisdiction to entertain the appeal of right notwithstanding the pending motion for a new trial, and petitioner was therefore afforded direct review of his conviction, for purposes of commencing the one year limitations period.

The Court notes that petitioner filed a petition for writ of habeas corpus with the federal district court on August 6, 1999. This petition was dismissed without prejudice on January 24, 2000, so that petitioner could return to the state courts to exhaust some of his claims. Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period, See Duncan

v. *Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the Antiterrorism and Effective Death Penalty Act (AEDPA) would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his or her original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

This Court concludes that petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to delay the commencement of the one year limitations period. Petitioner filed his second motion for relief from judgment with the trial court on October 16, 2000, after two hundred and thirty five days had elapsed under the one year limitations period. Because petitioner waited more than thirty days following the dismissal of his first habeas petition to return to the state courts to initiate post-conviction proceedings, he is not entitled to equitable tolling of the limitations period. Moreover, post-

conviction review was concluded when the Michigan Supreme Court denied petitioner's motion for reconsideration from the denial of his application for leave to appeal on August 29, 2003. The one year limitations period was further tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion expired, which in this case was November 27, 2003. See Abela v. Martin, 348 F. 3d 164, 172-73 (6th Cir. 2003). Petitioner did not file the instant petition with this Court until an additional six months had elapsed from this date. Because petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. Palmer v. Carlton, 276 F. 3d at 781-82; See also Godbolt v. Russell, 82 Fed. Appx. 447, 452 (6th Cir. 2003).

This Court concludes, therefore, that petitioner's conviction became final, for purposes of commencing the limitations period, on October 18, 1999, when the state trial court denied petitioner's motion for a new trial.

Petitioner filed his first post-conviction motion for relief from judgment, which was denied on August 3, 1999. Petitioner, however, never appealed the denial of his first-post-conviction motion. In Whitcomb v. Smith, 23 Fed. Appx. 271, 273 (6th Cir. 2001), the Sixth Circuit held that the one year limitations period was tolled pursuant to § 2244 (d)(2) during the twenty one day period for which the petitioner

could have appealed the trial court's denial of his post-conviction motion for relief from judgment, but was not tolled for the twelve month period that he could have sought a delayed application for leave to appeal under M.C.R. 7.205(F), because petitioner never applied for leave to appeal either within the twenty one day period or within the one year period. *Id.* Because petitioner never appealed the denial of his first post-conviction motion, this motion did not affect the one year statute of limitations period, because the twenty one day period for filing such an appeal ended on August 24, 1999, prior to the actual commencement of the one year limitations period in this case.

Petitioner filed his second post-conviction motion for relief from judgment on October 16, 2000, with only two days remaining under the statute of limitations. Although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one year limitations period, the limitations period is not reset upon the conclusion of state collateral review. *See Neal v. Bock,* 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001). [3] Thus, although the filing of the motion for relief from judgment may have tolled the running of the one-year statute, it would not cause the statute to begin running anew when the state court denied the motion. *See Searcy v. Carter,* 246 F. 3d 515, 519 (6th Cir. 2001). When petitioner's state post-conviction review ended on November 27, 2003, petitioner

---

[3] The limitations period would be tolled pursuant to § 2244(d)(2) even though petitioner's post-conviction motion was his second motion for relief from judgment and would be barred as successive under M.C.R. 6.502 (G)(1). *See Brown v. Burt,* 224 F. Supp. 2d 1152, 1155-1156 (E.D. Mich. 2002).

only had two days remaining, or until November 29, 2003, to timely file the instant petition with this Court. Because petitioner did not re-file his petition until six months later, the instant petition is subject to dismissal.

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

DATED: **JAN 0 3 2005**

HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT

PURSUANT TO RULE 77'd, FED. R. CIV. P. jesse agnew
COPIES MAILED TO ~~ATTORNEYS FOR ALL~~ brenda Turner
PARTIES ON  JAN 0 3 2005 . ~~19~~

DEPUTY COURT CLERK